## Coyne et al. v. Allegheny County Return Board

*B. Robert Auerbach*, for appellants.

ROWAND, J., September 30, 1935.—This proceeding is an appeal to the court of common pleas from the decision of the county commissioners sitting as a return board following the primary election of September 17, 1935, and complaint is made of the board's action in rejecting all the votes of the first district of the First Ward of the City of Pittsburgh for no other reason than that none of the voters of that district signed a voter's certificate as required by the Act of April 18, 1935, P. L. 32.

A number of reasons have been assigned by appellants to support their contention that the decision of the return board should be reversed but as we consider one of them conclusive of the question involved and in appellants' favor, the others need not be discussed.

Down to the enactment of the Act of May 29, 1935, P. L. 246, it has been repeatedly held, and this seems to be admitted by counsel supporting the return board's action, that the function of the return board is to count the vote. This is referred to in Twenty-eighth Congressional District Nomination, 268 Pa. 313, at page 319:

". . . attempt to determine the qualifications of voters, or to exclude a poll because of defects in the election machinery, goes beyond this purpose, and hence is not covered by the change made. These and all other matters, not relating to the computation of the votes actually cast, are to be decided by contests".

We are to decide, therefore, whether the Act of May 29, 1935, supra, gives authority to the return board which it formerly lacked. Its enlarged powers under this act are set forth in section 4 and its right to investigate and thereafter in certain cases to exclude a poll of a district depends upon certain conditions set forth in the first part of that section as follows:

"If upon consideration by said return board of the returns before it from any election district and the certificates aforesaid, it shall appear that the total vote returned for any candidate or candidates for the same office or nomination or on any question exceeds the number of registered or enrolled electors in said election district, or exceeds the total number of persons who voted in said election district or the total number of ballots cast therein, or, if it shall appear that the total number of partisan votes returned for any candidate or candidates for the same office or nomination at any primary exceeds the number of electors registered or enrolled in said district as members of that political party, or exceeds the total number of persons belonging to that party

who voted in said district or the total number of ballots of that party cast therein, in any such case, such excess shall be deemed a discrepancy.". . .

It is to be observed that "certificates aforesaid" in the quoted language refers to the certificates of the election board, the board of registration commissioners, and the board of county commissioners, and does not refer to voters' certificates.

It is the contention of counsel supporting the return board that, although the number of votes actually cast did not exceed the number of voters of the district as shown by the district register and numbered list of voters, there was the excess referred to in the statute because there were no qualified voters due to the fact that voters' certificates were not signed. As we understood the argument, the signing of the certificate by the voter is a prerequisite in casting a ballot and involves the voter's qualifications. We note, however, that the quoted language of the statute says nothing at all about qualification but concerns itself exclusively with the question of comparison of the number of voters with the number of ballots cast. While the Act of April 18, 1935, P. L. 32, provides for voters' certificates and a "list of voters", consisting of all voters' certificates enclosed in a binder, and thus affords record of those who voted, there are at least two other records, the numbered list of voters and the district register, which allow the comparison called for.

It seems to us that, to interpret the language "total number of persons who voted in said election district" as meaning only those who were fully qualified or identified by signature, would be to read into the phrase more than was intended. One of the records provided for by law, the "list of voters", was lacking when the return board sought to compare the number of voters with the ballots cast, but it nonetheless had other records from which the number of voters could be fairly and reasonably determined.

However salutary the requirement under the Act of April 18, 1935, supra, that the voter before being given a ballot should sign his name to a voter's certificate, we are of opinion that in the case before us the return board was not entitled to apply the drastic provision of the Act of May 29, 1935, supra, where every voter of the district, probably through ignorance or inadvertence of the election board, failed to observe the prescribed formula for identification. Considering the signing of the voter's certificate either as a qualifying act or an act having to do with the conduct of election, it is not the province of the return board to deal with this matter. If any are aggrieved, the redress which the law provides is an election contest.

Counsel asserted that in a large number of districts the voters similarly failed to sign the certificates. Whether this was mere oversight, taking account of the fact that requirement of signatures is an innovation in the law by recent enactment, or due to some other cause, might become a fit subject for inquiry by the proper authorities. But the courts have always been slow to disfranchise a large number of presumably innocent voters, and we are not prepared to do so, where the complaint is directed to neglect of the election board and it is agreed no fraud whatever was involved.

In keeping with the foregoing we make the following

## Order

And now, to wit, September 30, 1935, the appeal is sustained and it is ordered that the return of the election board of the first district of the First Ward, City of Pittsburgh, be counted and the votes computed accordingly.